UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

CASE NO. 5:26-cv-03953-XR

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

SANDERS FAMILY OFFICE, LLC and
MARGARET SANDERS,

        Defendants,

_____/

**FINAL JUDGMENT AS TO DEFENDANTS
SANDERS FAMILY OFFICE, LLC AND MARGARET SANDERS**

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendants Sanders Family Office, LLC and Margaret Sanders (collectively, "Defendants") having entered general appearances; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in Section V); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.      **PERMANENT INJUNCTIVE RELIEF**

a.  **Sections 5(a) and (c) of the Securities Act of 1933 ("Securities Act")**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently restrained and enjoined from violating Sections 5(a) and (c) of the Securities Act [15 U.S.C. §§ 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

    (i)      Unless a registration statement is in effect as to a security, making use of any

1

means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(ii)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(iii)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) either or both of Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with either or both of the Defendants or with anyone described in (a).

b.    **Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act")**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are hereby permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] by making use of any means or instrumentality of interstate commerce or of the mails and engaging in the business of effecting transactions in securities for the accounts of others, or inducing or effecting the purchase and sale

2

of securities, while not registered with the Commission in accordance with the provisions of Section 15(b) of the Exchange Act, or while not associated with a broker-dealer that was so registered.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in the Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) either or both of Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with either or both of Defendants or with anyone described in (a).

II.     **DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are jointly and severally liable for disgorgement of $2,977,099.53, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $506,228.74. Further, Defendant Margaret Sanders shall be liable for a civil penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendants shall satisfy this obligation by paying $3,483,328.27, and Defendant Margaret Sanders shall pay a $100,000 civil penalty, to the Commission pursuant to the terms of the payment schedule set forth in Section III below after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Commission, which shall be

3

delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendants' names as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendants shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain

jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that it and/or she is, or are, entitled to, nor shall it and/or she further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the Court in any Related Investor Action grants such a Penalty Offset, Defendant(s) receiving the Penalty Offset shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against either or both of the Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## III.    **PAYMENT PLANS**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants shall pay the total of disgorgement and prejudgment interest of $3,483,328.27 in five installments to the Commission according to the following schedule:

(1) $570,832.07, within thirty (30) days of entry of this Final Judgment;

(2) $570,832.07 within ninety one (91) days of entry of the Final Judgment;

(3) $570,832.07 within one hundred eighty two (182) days of entry of the Final Judgment;

(4) $570,832.07 within two hundred seventy three (273) days of entry of the Final Judgment; and

(5) $1,200,000.00 within three hundred sixty four (364) days of entry of the Final Judgment.

Further, Defendant Margaret Sanders shall pay the total civil penalty of $100,000 in four installments to the Commission according to the following schedule:

(1) $25,000 within ninety one (91) days of entry of this Final Judgment;

(2) $25,000 within one hundred eighty two (182) days of entry of the Final Judgment;

(3) $25,000 within two hundred seventy three (273) days of entry of the Final Judgment; and

(4) $25,000 within three hundred sixty four (364) days of entry of the Final Judgment.

All payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment.  Prior to making the final payments set forth herein, Defendants shall contact the staff of the Commission for the amount due for the final payments.

If Defendants fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable

immediately at the discretion of the staff of the Commission without further application to the Court.

## IV.     INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

## V.     BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant Margaret Sanders, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Margaret Sanders under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Margaret Sanders of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VI.     RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:   ___June 25, 2026___

_____
**XAVIER RODRIGUEZ**
**UNITED STATES DISTRICT JUDGE**